**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA MARGARITA PORTILLO-MENDEZ, | No. 09-72395 |
| Petitioner, | Agency No. A088-016-694 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:      TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Sandra Margarita Portillo-Mendez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), and we deny the petition for review.

We reject Portillo-Mendez's claim that she is eligible for asylum based on her membership in a particular social group. *See id.* at 1171 (concluding "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was "too broad to qualify as a particularized social group"). Because Portillo-Mendez failed to establish a nexus to a protected ground, her asylum and withholding of removal claims fail. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-484 (1992).

Substantial evidence supports the BIA's denial of CAT relief because Portillo-Mendez failed to establish it is more likely than not she will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Sinha v. Holder*, 564 F.3d 1015, 1026 (9th Cir. 2009).

To the extent Portillo-Mendez raises the same ineffective assistance of counsel challenge she raised to the BIA, it fails because she has not shown any error. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (petitioner must demonstrate "that counsel failed to perform with sufficient competence"). To the extent Portillo-Mendez raises a new ineffective assistance of counsel challenge, we lack jurisdiction because it was not exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**